UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| PATRICK ADONIZIO, | } | Case No. 6:21-cv-144 |
| PLAINTIFF | } | |
| | } | |
| v. | } | |
| | } | |
| CREDIT CONTROL SERVICES, INC., | } | |
| d/b/a CREDIT COLLECTION SERVICES | } | |
| DEFENDANT | } | |
| _____/ | | |

## PLAINTIFF'S MOTION TO AMEND THE COURT'S MEDIATION ORDER [DE 28]

Plaintiff Patrick Adonizio, through his counsel, respectfully requests that this court amends its mediation order [DE 28], and in support thereof submits the following:

On January 31, 2022, the parties engaged in mediation surrounding, among other things, the possibility of settlement and how that related to Plaintiff's entitlement to and amount of attorney's fees and costs. During the mediation and for several tens of combined hours of communications among the parties' counsel, comprising multiple phone calls, meet-and-confers, and emails, the parties are unable to resolve their differences with respect to the amount of attorney's fees and costs reasonably due to Plaintiff. For reasons that Defendant will likely present in the likely upcoming motion practice, Defendant believes Plaintiff is only entitled to $7500 in attorney's fees and costs, and this belief of Defendant's has not once changed since January 31, 2022, regardless of how much extra work has been performed by Plaintiff since then. On the other hand, Plaintiff believes he is entitled to whatever the lodestar method

determines is his reasonable attorney's fees and costs – defined as the number of hours reasonably worked multiplied by a reasonable hourly rate, and this belief of Plaintiff's has not once changed during this litigation.  As of the time of this writing, Plaintiff believes the lodestar should be approximately $34000.  Therefore, the parties are more than four times apart (Defendant's number is less than 25% of Plaintiff's number).  Additionally, while Plaintiff's attorney has repeatedly offered to voluntarily cut his book of fees, or otherwise "redline" the book in certain ways, accounting for an approximately 25% cut[1], Defendant has literally never once wavered from their firm position of "$7500 and no further."

Therefore, Plaintiff believes there is absolutely no way the parties will bridge this divide in a second mediation.  In fact, Plaintiff had repeatedly advised Defendant that if Defendant were to issue an offer of judgment that punted the fees and costs issue to the court, that he would recommend his client accept it, so that Plaintiff could be guaranteed a relatively quick recovery and the fee fight could take place outside of that paradigm.  As of last week, subsequent to two months of fighting, Defendant apparently agreed that Plaintiff's idea was a good one – knowing full well Plaintiff's position, knowing there was no chance of agreement between the parties, and knowing it would be left for to the court to decide.[2]

As such, Plaintiff respectfully requests the court amend the mediation order in one or more of the following ways:

1. Remove the requirement for mediation outright.  The parties already held their mandatory mediation; a second one is extremely unlikely to result in any progress on this issue.  The parties fought for months on this issue and will likely never reach an agreement.  Both sides appear to be firm in their convictions.

---

[1] For settlement/compromise purposes only; Plaintiff's attorney maintains he is entitled to his entire book of fees and costs without any cutting/redlining.
[2] It probably also helped that both sides were likely going to be required to attend at least three in-person depositions in the upcoming two weeks; a costly affair in both time and money.

2. Require Defendant to shoulder the costs of the mediation. Plaintiff is a working individual, a tradesman, who should not have to pay for a mediation surrounding reasonable attorney's fees and costs – a surprise extra $1000 after he already agreed to the offer of judgment. Plaintiff's attorney is a solo attorney with no other income than his anti-debt collector law practice – he should also not have to pay a surprise extra $1000 just to be able to seek what he is otherwise entitled to receive. Defendant is a massive corporation with a significantly stronger financial position than Plaintiff. Defendant's attorneys – plural – are from a massive law firm with offices apparently in every single state in the nation, also with a significantly stronger financial position than Plaintiff's attorney's law practice. Requiring Plaintiff or Plaintiff's attorney to be subjected to this cost would be inequitable and unjust given the circumstances.

3. Relieve Plaintiff, himself, from the obligation to attend the mediation, and allow Plaintiff's attorney to attend in his stead. Plaintiff himself has nothing to do with deciding the amount of reasonable attorney's fees and costs. If a mediation were to occur, the main "talkers" would be Plaintiff's attorney and Defendant (who, ostensibly, would decide whether they would agree to pay whatever proposed amount Plaintiff's attorney offers them). Requiring Plaintiff to lose a day of work would be inequitable and unjust given the circumstances.

WHEREFORE, Plaintiff respectfully requests this court enter an order amending its mediation order in any or all of the above ways, or provide Plaintiff with any other relief as it deems appropriate and may provide.

    Respectfully submitted this 3rd day of April, 2022,

        By Plaintiff's attorney: /s/ Nicholas Michael Murado_____
                            Nicholas Michael Murado

>Florida Bar # 102769
>Murado Law, P.A.
>2010 S.W. 99th Avenue
>Miramar, Florida, 33025
>Telephone: 754-816-2196
>E-mail: muradolaw@gmail.com

### CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that Plaintiff conferred with Defendant in good faith, via telephone conversation and follow-up emails, in an attempt to resolve the issues discussed in this motion in an effort to obtain it without court action. See FLMD Local Rule 3.01(g). Unfortunately, the parties were unable to resolve said issues.

Respectfully submitted this 3rd day of April, 2022,

>By Plaintiff's attorney: /s/ Nicholas Michael Murado
>Nicholas Michael Murado
>Florida Bar # 102769
>Murado Law, P.A.
>2010 S.W. 99th Avenue
>Miramar, Florida, 33025
>Telephone: 754-816-2196
>E-mail: muradolaw@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was submitted via CM/ECF which automatically serves it electronically upon all interested and appeared parties.

Respectfully submitted this 3rd day of April, 2022,

>By Plaintiff's attorney: /s/ Nicholas Michael Murado
>Nicholas Michael Murado
>Florida Bar # 102769
>Murado Law, P.A.
>2010 S.W. 99th Avenue
>Miramar, Florida, 33025
>Telephone: 754-816-2196
>E-mail: muradolaw@gmail.com