# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICK ADONIZIO,**

      **Plaintiff,**

**v.**                                                      **Case No: 6:21-cv-144-JA-DAB**

**CREDIT CONTROL SERVICES, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Attorney Fees (Doc. No. 39)
>
> **FILED:** June 10, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART**.

> **MOTION:** Motion to Compel Retainer Agreement (Doc. No. 40)
>
> **FILED:** June 20, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

Plaintiff Patrick Adonzio sued Defendant Credit Control Services, Inc. for claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, as well as the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b). Doc. 1. Plaintiff filed a Notice of Acceptance of Offer of Judgment for $2,002.00[1] plus costs of $448.00 together with award of reasonable attorney's fees as determined by the Court. Doc. 26. Plaintiff has now moved for an award of attorney's fees (Doc. 39) seeking $39,900.00, and Defendant filed a Response in opposition. Doc. 43.

Each of the statutes under which Plaintiff sued provides for a successful Plaintiff's recovery of attorney's fees. *See, e.g.,* 15 U.S.C. § 1692k(a)(3) (plaintiff is entitled to the costs of the FDCPA action, as well as reasonable attorneys' fees); 15 U.S.C. § 1681o(a) (allowing recovery of attorney's fees and costs under the FCRA); Fla. Stat. § 559.77(2) (allowing recovery of attorney's fees and costs under the FCCPA). Defendant agrees that there is entitlement to a reasonable fee but contests the amount claimed as unreasonable. Plaintiff seeks a total award of fees of $39,990 based on a rate of $300 per hour for 133.3 hours of time spent on the case. Doc. 39.

---

[1] Defendant offered, and Plaintiff accepted, $1,001.00 statutory damages on each of the claims.

The starting point in any "reasonable fee" determination is the calculation of the "Lodestar", which is the number of hours reasonably expended in pursuing the litigation, multiplied by the reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1987).

Attorney's fees must be calculated at the "prevailing market rates" in the relevant "community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates, *see id.* at 897, which necessarily includes an affidavit of the attorney performing the work and information on rates actually billed and paid in similar lawsuits. *Id.* at 895 n.11.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985). The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v.*

*Stenson,* 465 U.S. at 896 n.11 (1984). In fact, the going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990); *see Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148 (2d Cir. 1994) (prevailing community court should use in setting the lodestar is the district in which the court sits).

An applicant may meet this burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. The court may also use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Id. at 1303; *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp.2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Services,* 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). Plaintiff supports his attorney's claimed hourly rate only with the statement of his own attorney[2] and relies on the Court's own experience in determining reasonable rates.

With respect to time devoted, Plaintiff seeks reimbursement for 133.3 hours spent by Mr. Murado on Plaintiff's case, and Mr. Murado has submitted time records in support. Generally, excessive, redundant, and unnecessary hours should

---

[2] Plaintiff did not include any description of Mr. Murtado's qualifications or experience in justification of the claimed rate.

- 4 -

be excluded from a fee award. *Norman,* 836 F.2d at 1301 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). The Supreme Court requires fee applicants to exercise billing judgment which means that the applicant should "exclude from his fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours that would be "unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.3d at 1301; *ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Excluding excessive hours means that a lawyer may not be compensated for activities which would not be billed to a client intent on vindicating its rights. *Id.* Exclusions for excessive hours are ultimately left to the discretion of the District Court. *Id.*

Defendant has raised issues[3] regarding certain of Mr. Murtado's time entries as inadequately supported or otherwise non-compensable.[4] But the primary focus of its opposition is the litigation history which indicates a case-altering change in Plaintiff's circumstances and legal claims. In essence, Defendant argues that shortly after suit was filed, Plaintiff sold the property upon which his damage claim was based, thereby reducing his potential claim (due to higher interest costs) from many

---

[3] Notably, Plaintiff included scores of time entries (most equaling six minutes) only vaguely identified as client email or client phone call. While some allowance may be appropriate for fielding client communications, unsupported six-minute entries (often including multiple entries for the same day) do not show reasonableness of the associated charges.

[4] Defendant does not appear to contest the reasonableness of the claimed hourly rate.

years to just a few months.[5] Defendant argues that the case was extended and complicated because Plaintiff and his counsel failed to advise of this significant change in the basis for the litigation. In effect, Defendant argues that the great bulk of attorney time spent after Plaintiff's hidden home sale was unnecessary and therefore unreasonable under *Hensley* and *Norman.*

A brief statement of the litigation timeline illustrates the point.

| | |
|---|---|
| **1/21/2021** | Suit filed seeking damages due to increased mortgage interest (Doc. 1) |
| **4/5/2021** | Case Management Report filed with mediation set for April 2022 (Doc. 15) |
| **6/21/2021** | Plaintiff sells house, ending any increased mortgage cost |
| | No docket activity until: |
| **1/31/2022** | Mediation impasse reported (Doc. 23) |
| **3/30/2022** | Acceptance of Offer of Judgment for $2,002 plus costs and fees (Doc. 26) |

Thus, leaving aside issues as to hourly rates and specific time entries, the central issue as to the fee claim is the course of the litigation. The case began and was litigated on the premise (as alleged in the Complaint) that Plaintiff's claim included decades of potential damages from a higher mortgage interest rate. That

---

[5] Plaintiff concedes that his Initial Disclosures, never amended or supplemented, sought damages based on the life of the mortgage. That assertion was materially misleading once the house was sold. At that point, Plaintiff's maximum recovery was statutory damages of $1,000 per count. Contrary to Plaintiff's argument this was a fundamental change in Plaintiff's claim itself, not a matter of "mitigation" of damages.

assertion colored both parties' approach to the litigation and negotiations for resolution without trial.

Having been the selling party, Plaintiff plainly knew that the higher interest rate mortgage ceased to exist early in the case. It is not clear on this record exactly when and how *Plaintiff's counsel* became aware of this significant fact. Regardless, Plaintiff's failure to be forthcoming as to the fact the case thereafter concerned only essentially a de minimis damage claim undoubtedly interfered with the progress of the case. The lack of success in settlement discussion and ensuing proliferation of trial preparation efforts were the natural, but unnecessary, result of this lack of candor.

Had Plaintiff been candid about the sale, it would have been obvious to both sides that the possible recoverable damages were no more than $1,000 per count. It is likely that the case would have resolved months earlier on the same basis as was ultimately achieved.

Instead, the case proceeded as if there were still a viable claim for a far larger loss. Those proceedings were unnecessary, and Plaintiff is not entitled to be compensated or fees he incurred or the time unreasonably devoted by his attorney in respect to them.

Counsel's description of Plaintiff as legally unsophisticated is unavailing. Client and attorney work as a team in litigation and have a duty to keep each other

informed as to factual and legal developments as a case proceeds. They cannot avoid the consequences from neglecting the required degree of candor by trying to separate their roles.

Given the amount actually at issue once Plaintiff sold his house and the Court's assessment of what legal effort should reasonably have been expended to resolve this case, a fee no greater than $6,000 should be allowed.[6] Twenty hours at counsel's claimed rate[7] should have been sufficient to bring this case to a settled conclusion.

This allowance can be broken down as follows.

| Pre-suit investigation and drafting | **4 hours** |
|---|---|
| Post filing case management, Rule 26 disclosures and conferring with opposing counsel (through June 2021) | **5 hours** |
| Discovery and communications through Mediation (January 2022) | **7 hours** |
| Allowance for post mediation documentation of accepted offer | **4 hours** |
| Total reasonable hours | **20 hours** |

---

[6] This exceeds the amount devoted to the case through the time Plaintiff sold his house, even allowing all the pre-litigation time and the unsupported client communication entries and accepting counsel's unsupported hourly rate. Further, given the relative simplicity of the legal and factual issues in the case and the modesty of the result compared to the original claim of years of increased costs, even this allowance may be overly generous. Although Plaintiff prevailed, his limited success could be a basis for a downward adjustment of the lodestar.

[7] This analysis gives Plaintiff the benefit of the doubt since his claimed $330 hourly rate is unsupported in this uncomplicated case.

## CONCLUSION

**It is respectfully RECOMMENDED** that Plaintiff be awarded a final judgment as follows:

The amount of $2,002.00 as statutory damages;

The amount of $448.00 as costs; and

The amount of $6,000.00 as a reasonable attorney's fee.

**It is further recommended** that, upon entry of judgment, the case be **DISMISSED** and the Clerk be directed to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 30, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy